UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EULALIA C. VANN, | ) Case No.: 10-CV-04736-LHK |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| v. | ) PETITION FOR PRELIMINARY |
| AURORA LOAN SERVICES LLC, | ) INJUNCTION AND TEMPORARY |
| | ) RESTRAINING ORDER |
| Defendant. | ) |

On October 20, 2010, Plaintiff Eulalia Vann, proceeding *pro se*,[1] filed a Petition for Preliminary Injunction. Pet. for Prelim. Inj. ("Pet."), ECF No. 2. In the Petition, she requests a temporary injunction or preliminary injunction to prevent the sale of her property and her eviction from that property. Plaintiff asks the Court to grant this relief without notice to Defendant Aurora Loan Services LLC. Pet. 34. Because Plaintiff has not provided notice to Defendant Aurora Loan Services LLC, or demonstrated that notice should not be required, the Court DENIES Plaintiff's Petition for Preliminary Injunction without prejudice.

The Court notes, as an initial matter, that it is not clear whether Plaintiff seeks a preliminary injunction, a temporary restraining order, or both forms of relief. To the extent that Plaintiff seeks

---

[1] Should Plaintiff need assistance with this Order or her claims, she may seek assistance from the Federal Legal Assistance Self-Help Center. Help is provided by appointment only. To make an appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San Jose, Room 4093, or call (408) 297-1480. Plaintiff may find other resources for self-represented parties at https://ecf.cand.uscourts.gov/cand/ProSe/home.htm.

1
Case No.: 10-CV-04736-LHK
ORDER DENYING PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

a preliminary injunction, Federal Rule of Civil Procedure 65(a)(1) forbids issuance of a preliminary injunction without notice to the adverse party.

To the extent that Plaintiff seeks a temporary restraining order, she has not made the showing required for this Court to grant relief without notice to Defendant. Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

Plaintiff's petition is not sufficient to satisfy the requirements of the federal or local rules. First, it is not clear what injury Plaintiff seeks to prevent. Plaintiff initially claims that she will suffer irreparable injury if Defendant is not enjoined from foreclosing on her property. Pet. 33. On the next page, however, she states that Defendant has already foreclosed and appears to seek an injunction to prevent either sale of the property or Plaintiff's eviction. Pet. 34. Second, as to the immediate nature of the harm Plaintiff faces, she makes only a vague statement that defendant "has made it clear that eviction is imminent." Pet. 34. She has not alleged a date on which the property will be sold by, for example, citing to a notice of trustee's sale. Nor has she given any indication that eviction proceedings have even been initiated. Thus, Plaintiff has not alleged "specific facts" that "clearly show" that irreparable injury will occur before Defendant has an opportunity to be heard in opposition. For the same reasons, she has not shown good cause for relief from the notice requirements of the Local Rules.

Accordingly, the Court DENIES Plaintiff's petition for a preliminary injunction and temporary restraining order without prejudice. If Plaintiff chooses to file another motion for a temporary restraining order without notice to Defendant, she must include sufficient allegations to

2

Case No.: 10-CV-04736-LHK
ORDER DENYING PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION AND TEMPORARY
RESTRAINING ORDER

overcome the deficiencies identified above.   Alternatively, Plaintiff may serve Defendant with the petitions and other filings in this case and then file a motion for a temporary restraining order and preliminary injunction to be ruled on after Defendant is provided an opportunity to be heard.

**IT IS SO ORDERED.**

Dated:  November 3, 2010

_____
LUCY H. KOH
United States District Judge