UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EULALIA C. VANN, | Case No.: 10-CV-04736-LHK |
| Plaintiff, | ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT |
| v. | |
| AURORA LOAN SERVICES LLC, | |
| Defendant. | |

Defendant Aurora Loan Services, LLC moves to set aside the Clerk's entry of default. Pursuant to Civil Local Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and vacates the hearing set for March 24, 2011. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to set aside the default. Because the Court has determined that the entry of default should be set aside, the Court also DENIES as moot Plaintiff's motion for default judgment and vacates the hearing on default judgment scheduled for April 21, 2011.

**I. Background**

Plaintiff initiated this action on October 20, 2010 by filing a Complaint and Petition for Preliminary Injunction with the district court. The Court construed Plaintiff's petition as a request for a temporary restraining order to prevent Defendant from foreclosing on, selling, or evicting Plaintiff from her home. In an order dated November 3, 2010, the Court denied Plaintiff's request for a TRO without prejudice on grounds that Plaintiff had not provided notice to the Defendant and

1   had not made the showing required for issuance of a TRO without notice to the opposing party.

2   *See* Order Denying Pl.'s Pet. for Prelim. Inj. & TRO, ECF No. 7.

3         On December 23, 2010, Plaintiff filed a motion requesting that the Clerk of the Court enter

4   default against Defendant. Req. for Entry of Default, ECF No. 8. Plaintiff attached proof of

5   service to the motion, indicating that Defendant was served on November 9, 2010. Proof of

6   Service, attached to Proposed Order re: Mot. for Entry of Default, ECF No. 9. The Clerk entered

7   default on January 4, 2011, and Plaintiff filed a motion for entry of default judgment on January

8   14, 2011. Approximately one week later, on January 21, 2011, Defendant filed a motion to set

9   aside the entry of default.

10        In its motion, Defendant claims that it defaulted due to the untimely referral of the case to

11  outside counsel. Counsel representing Defendant submitted a declaration explaining that his firm

12  received an initial email referral from Defendant's in-house counsel on December 8, 2010. Decl.

13  of Charles Bell in Supp. of Mot. to Set Aside Default ("Bell Decl.") ¶ 4, ECF No. 12-2.

14  Apparently, however, Defendant's in-house counsel subsequently ceased to work for Defendant

15  and therefore did not follow-up on the referral. *Id.* Counsel claims that new in-house counsel

16  followed up on December 29, 2010 and provided the pertinent documents to his firm for review.

17  *Id.* ¶ 5. Only on January 7, 2011, when counsel reviewed the Court's docket, did he become aware

18  of the default. *Id.* ¶ 6. Counsel claims that he attempted to contact Plaintiff at that point, but was

19  unable to do so because Plaintiff had not listed a telephone number on the Complaint. *Id.*

20  Defendant claims that its delay was not intentional and that the internal situation with in-house

21  counsel has been addressed to ensure future compliance with filing deadlines. Defendant claims, in

22  addition, that Plaintiff previously filed a complaint containing the same allegations in state court,

23  and that the state court sustained Defendant's demurrer in that case without leave to amend.

24  Defendant also submits a proposed Motion to Dismiss detailing its defenses to Plaintiff's claims.

25  Finally, Defendant notes that it moved to set aside the default only 17 days after default was

26  entered and asserts that Plaintiff will not suffer prejudice if the default is set aside. Plaintiff

27  opposes Defendant's motion, noting that Defendant was properly served and nonetheless chose to

28  ignore its responsibility to respond.

## II. Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). Courts apply the same test to evaluate motions to set aside an entry of default under Rule 55(c) as applied to motions to set aside default judgment under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010). However, because a Rule 55(c) motion presents no concern about disturbing the finality of a judgment, the test is applied more liberally in cases where default judgment has not been entered. *Id.*

To determine whether good cause exists to set aside entry of default, the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff. *Id.* at 1091; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The standard is disjunctive, such that a finding of any one factor may be sufficient reason for the district court to refuse to set aside the default. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The party moving to set aside the entry of default bears the burden of demonstrating that these factors favor setting aside the default. *TCI Group*, 244 F.3d at 696. "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Accordingly, "where there has been *no* merits decision, appropriate exercise of district court discretion . . . requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group*, 244 F.3d at 696.

## III. Discussion

### A. Culpable Conduct

There appears to be some disagreement within the Ninth Circuit as to the correct standard for evaluating the "culpable conduct" factor for purposes of setting aside a default. One line of cases holds that "a defendant's conduct is culpable if he has received actual or constructive notice

3

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). These cases indicate that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct. *TCI Group*, 244 F.3d at 697-98. Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

A second line of cases, however, suggests that if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability. *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). The Ninth Circuit has recently clarified that this standard for culpability is inappropriate where the defaulting party is not represented by counsel or is otherwise not legally sophisticated. *Mesle*, 615 F.3d 1093. The Ninth Circuit also suggested that the *Franchise Holding II* standard is "not the ordinary standard for Rule 55(c) and 60(b) motions" and that such an approach may not be consistent with the Supreme Court's interpretation of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1993). *Mesle*, 615 F.3d 1092-93. Nonetheless, the Ninth Circuit did not reject *Franchise Holding II*, but instead limited the application of its more stringent standard. Attempting to reconcile the two lines of cases, the Ninth Circuit stated that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions *may* be assumed, and with it, intentionality." *Id.* (emphasis added).

Here, Defendant is represented by counsel and is a frequent party to foreclosure actions similar to that brought by Plaintiff. Thus, *Mesle* appears to grant this Court discretion to assume culpability based solely on Defendant's failure to answer. In this instance, however, the Court does not find that such an assumption of culpability is warranted. Clearly, Defendant's failure to file a timely answer is unfortunate and must not be repeated. Nonetheless, this case is quite different

4

from *Franchise Holding II*. There, after the plaintiff filed suit and served the defendants, the parties engaged in negotiations to attempt to settle the case. *Franchise Holding II*, 375 F.3d at 924-25. When negotiations broke down, the plaintiff gave the defendant clear notice that it intended to litigate the case. *Id.* at 925. When the defendant failed to answer, the plaintiff sought entry of default and approximately eight months later obtained a default judgment. *Id.* Despite repeated notice of the consequences of its failure to litigate, the defendant did not file anything with the district court until the plaintiff began collecting on the default judgment, almost a year after the Clerk initially entered default.[1] *Id.* at 925-26.

Here, in contrast, Defendant did not have any contact with Plaintiff beyond its receipt of the Complaint, and it responded within 17 days after the Clerk entered default. Certainly, Defendant's in-house and outside counsel should have been aware of the consequences of failing to answer in a timely manner. It appears, however, that its failure to answer resulted from mere negligence or inadvertence, rather than an attempt to manipulate the legal process or take advantage of Plaintiff. *See Pioneer Investment*, 507 U.S. 380, 394-95 (1993) ("for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence"). Defendant has not attempted to avoid service or otherwise to thwart Plaintiff's attempt to litigate her claims. *See Mesle*, 615 F.3d at 1094 ("behavior that we have found culpable usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them"). Rather, Defendant appeared promptly after learning of the default and now appears quite willing to litigate the case. Thus, particularly given the more lenient standard applied to Rule 55(c) motions in which default judgment has not been entered, the Court does not believe that Defendant's conduct should be considered culpable.

---

[1] The Court in *Franchise Holding II* also found that the defendant lacked a meritorious defense and that reopening the judgment could prejudice the plaintiff because the delay could allow the defendant to hide its assets. 375 F.3d at 926-27. These factors further distinguish *Franchise Holding II* from this case.

**B. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d 1094 (quoting *TCI Group*, 244 F.3d at 700). Rather, the defendant satisfies the meritorious defense requirement if it alleges sufficient facts that, if true, would constitute a defense. *Id.* Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation. *Id.*

Here, Defendant clearly satisfies the meritorious defense requirement. First, Defendant alleges that Plaintiff previously filed a very similar complaint against it in state court, and that the state court sustained Defendant's demurrer to that complaint without leave to amend. Defendant submitted a copy of the state court order sustaining the demurrer with its moving papers. Second, Defendant submitted a proposed motion to dismiss that outlines its defenses to Plaintiff's pleadings. Based on the review of the motion, the Court finds that Defendant has raised colorable arguments that Plaintiff's pleading is deficient as a matter of law and that Defendant, as the servicer of Plaintiff's loan, cannot be held liable for much of the conduct alleged. Defendant also alleges that it followed all applicable laws and the terms of Plaintiff's forbearance agreement when it foreclosed on Plaintiff's home. Such allegations, if true, would constitute a meritorious defense. Accordingly, this factor supports setting aside the default.

**C. Prejudice to Plaintiff**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits." *TCI Group*, 244 F.3d at 701; *accord Mesle*, 615 F.3d 1094. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. As Defendant points out, its delay of slightly over a month in responding to the Complaint is unlikely to have a prejudicial effect on Plaintiff's ability to pursue her claim. Nor has Plaintiff suggested any reason why this fairly small delay will cause her prejudice. Accordingly, the Court concludes that setting aside the default would not cause Plaintiff any prejudice sufficient to justify denial of Defendant's motion.

### D. Setting Aside the Entry of Default is Warranted

Based on the above analysis, the Court concludes that none of the three "good cause" factors justifies refusing to set aside the entry of default. The Ninth Circuit has recently emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances" and instructed district courts not to ignore its "oft stated commitment to deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091. Considering this instruction and the more liberal standard applied to Rule 55(c) motions, the Court finds that Defendant's motion to set aside the entry of default must be granted. However, Defendant is advised that the Court expects it to strictly comply with all further deadlines, orders, and rules applicable to this action.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to set aside the entry of default. Because Defendant is no longer in default, the Court DENIES as moot Plaintiff's motion for default judgment. The hearings previously set for March 24, 2011 and April 21, 2011 are hereby VACATED. **Defendant shall file and serve its proposed motion to dismiss no later than Wednesday, March 23, 2011.**

**IT IS SO ORDERED.**

Dated: March 21, 2011

_____
LUCY H. KOH
United States District Judge