UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EULALIA C. VANN, ) | Case No.: 10-CV-04736-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION TO |
| v. ) | DISMISS WITH LEAVE TO AMEND IN |
| ) | PART; DENYING MOTION FOR |
| AURORA LOAN SERVICES LLC, ) | SANCTIONS |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court for consideration of Defendant Aurora Loan Services, LLC's motion to dismiss, and Plaintiff Eulalia Vann's motion for sanctions. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for determination without oral argument and vacates the hearing set for June 9, 2011. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss with leave to amend in part, and DENIES Plaintiff's motion for sanctions. **If Plaintiff wishes to pursue this action, she must file an amended complaint within 21 days of this Order, no later than June 24, 2011.**

**I. Background**

On October 20, 2010, Plaintiff filed a Complaint against Aurora Loan Services, LLC. The Complaint contains few specific factual allegations, but appears to concern a mortgage transaction and non-judicial foreclosure proceedings related to Plaintiff's property at 309 S. Willard Avenue in San Jose, California. *See* Compl. at 1. With its motion to dismiss, Defendant submitted publicly

1

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS

recorded documents, properly subject to judicial notice,[1] which establish that on April 5, 2004, Plaintiff obtained a mortgage in the amount of $400,000 from United Pacific Mortgage, doing business as Mandalay Mortgage.  Req. for Judicial Notice in Supp. of Aurora's Mot. to Dismiss ("RJN"), Ex. A, ECF No. 23  The loan was secured by a deed of trust, which named United Pacific Mortgage as the Lender, Mortgage Electronic Registration Systems ("MERS") as nominee and beneficiary, and Ticor Title Company as Trustee.  *Id.*  Quality Loan Service Corporation ("Quality") was later substituted as Trustee.  RJN Ex. B.  On October 2, 2009, Quality recorded a Notice of Default and Election to Sell under Deed of Trust, which indicated that Plaintiff owed $13,438.70 in past-due payments.  RJN Ex. C.  The recorded notice of default includes a declaration by Defendant Aurora Loan Services of compliance with the non-judicial foreclosure requirements of California Civil Code § 2923.5.  *Id.*  This declaration identifies Defendant as the loan servicer.  *Id.*  A notice of trustee's sale was recorded on January 5, 2010, RJN Ex. D, and a Trustee's Deed Upon Sale was recorded on March 8, 2010.  RJN Ex. E.  The Trustee's Deed Upon Sale indicates that Plaintiff's property was sold at public auction on February 26, 2010, and that Quality, acting as trustee, granted and conveyed the property to Defendant Aurora Loan Services, LLC.  *Id.*

Defendant claims that Plaintiff initially sought to forestall the foreclosure process by filing a complaint in state court on January 25, 2010.  Defendant submits a state court order sustaining its demurrer in that case without leave to amend on September 20, 2010.[2]  One month later, Plaintiff filed the instant federal action, naming only Aurora Loan Services as a Defendant.  Plaintiff's federal Complaint contains broad allegations directed primarily at an unnamed "Lender" and

---

[1] Defendant requests that the Court take judicial notice of five deeds and notices publicly recorded in the Santa Clara County Recorder's Office, as well as a court order issued in a prior state court proceeding involving Plaintiff and Defendant.  *See* Req. for Judicial Notice in Supp. of Aurora's Mot. to Dismiss ("RJN"), ECF No. 23.  Plaintiff has not opposed the request for judicial notice.  Each of these documents is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Accordingly, the Court grants Defendant's request for judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that a court may take judicial notice of matters of public record in ruling on a motion to dismiss).

[2] Defendant does not submit any other filings from the state court action and does not appear to argue that claim or issue preclusion should bar the instant federal action.

2
Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS

1  "Agent," and asserts six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence

2  per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5)

3  violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and (6) intentional

4  infliction of emotional distress.  Plaintiff seeks rescission of the loan contract and various monetary

5  remedies.

6  On March 22, 2010, Defendant moved to dismiss Plaintiff's Complaint for failure to state a

7  claim.  In response, Plaintiff opposed Defendant's motion to dismiss and also filed a motion for

8  sanctions, arguing that Defendant's motion was filed for an improper purpose.  The Court will now

9  consider both motions.

10  **II. Motion to Dismiss**

11  **A. Legal Standard**

12  A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

13  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

14  whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

15  allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

16  the court need not accept as true "allegations that contradict matters properly subject to judicial

17  notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

18  unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

19  1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must

20  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

21  face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

22  (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference

23  that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If a court grants

24  a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be

25  cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The

26  rule favoring liberality in granting leave to amend is particularly important for *pro se* litigants. *Id.*

27  at 1131.

28

3

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS

**B. Discussion**

Defendant has moved to dismiss Plaintiff's Complaint on a number of grounds, including the absence of specific claims against Defendant Aurora Loan Services and the absence of factual allegations to support Plaintiff's claims. The Court agrees with Defendant that the Complaint as a whole fails to satisfy the pleading requirements of Rule 8(a). Under Rule 8(a), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff's Complaint consists largely of sweeping statements about the operation of the mortgage industry and conclusory allegations directed at an unidentified "Lender" and "Agent." The Complaint lacks factual allegations specific to Plaintiff's loan transaction or the foreclosure proceedings instituted against her, and it fails to plead facts identifying any wrongful conduct, or any conduct at all, by Defendant Aurora Loan Services, LLC. Accordingly, the Complaint as currently pled does not provide Defendant with fair notice of the claims against it and the grounds upon which they rest. Thus, Defendant's motion to dismiss must be granted. *See, e.g.*, *Nera v. American Home Mortg. Servicing, Inc.*, No. C-09-2025 RMW, 2009 WL 2423109 (N.D. Cal. Aug. 5, 2009) (finding complaint subject to dismissal because it was "devoid of any facts" and no facts were pleaded against the named defendant). The Court offers the following discussion should Plaintiff choose to amend her complaint after reviewing this Order. *See, e.g.*, *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915 (N.D. Cal. Feb. 9, 2009) (adopting a similar approach in a foreclosure action involving a pro se plaintiff). If plaintiff amends the Complaint, she must ensure that the amended complaint contains factual allegations showing why Defendant Aurora Loan Services is liable for each of Plaintiff's claims. Failure to do so risks dismissal of this entire action with prejudice.

### 1. Breach of Fiduciary Duty

In her first cause of action, Plaintiff alleges that "Defendants Agent, appraiser, trustee, Lender, et al" breached their "fiduciary duty of care with respect to mortgage transactions and

4

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS

related title activities." Compl. at 27. As noted above, Plaintiff has named only one Defendant, loan servicer Aurora Loan Services, and has made no specific allegations regarding any conduct by Aurora that might constitute a breach of fiduciary duty. Moreover, as Defendant points out, under California law, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 n.1, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991). Similarly, loan servicers, like lenders, generally do not owe borrowers any fiduciary duty. *See, e.g.*, *Abels v. Bank of America*, No. C 11–0208 PJH, 2011 WL 1362074, at *1 (N.D. Cal. Apr. 11, 2011) (dismissing breach of fiduciary duty claim because "neither a lender nor a loan servicer . . . owe borrowers like plaintiff any fiduciary duty"); *Moreno v. Citibank, N.A.*, No. C 09-5339 CW, 2010 WL 1038222, *3 (N.D. Cal. Mar. 19, 2010) ("Courts have similarly concluded that loan servicers do not owe a fiduciary duty to borrowers."). Because Plaintiff has failed to identify any fiduciary duty owed to her by Defendant, her cause of action for breach of fiduciary duty necessarily fails. Accordingly, Plaintiff's breach of fiduciary duty claim is dismissed. However, as it is conceivable that Plaintiff could amend this claim to identify a fiduciary duty that Defendant owed to Plaintiff and that Defendant breached, the Court grants leave to amend this claim.

### 2.      Negligence/Negligence Per Se

Plaintiff's second cause of action alleges negligence and negligence per se. Under California law, a plaintiff alleging negligence must show that the defendant owed plaintiff a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of her injuries. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477, 110 Cal. Rptr. 2d 370, 28 P.3d 116 (2001). Negligence per se is not a separate cause of action, and it does not provide a private right of action for violations of a statute or regulation. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285, 45 Cal. Rptr. 3d 222 (Cal. Ct. App. 2006). Rather, negligence per se is an evidentiary doctrine that creates a presumption of negligence if four elements are established: "(1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an

5

occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." *Id.*

Plaintiff alleges that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to properly perform due diligence as to the loans and related transactional issues described hereinabove." Compl. at 28. She also claims that "Defendants" owed a duty of care under various federal statutes to make proper disclosures, refrain from marketing unaffordable loans, and to avoid paying undue compensation to mortgage agents and loan officers. *Id.* Under California law, however, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. Courts have held that this rule is applicable to loan servicers as well. *See Tsien v. Wells Fargo Home Mortg.*, No. C 09-04790 SI, 2010 WL 2198290, at *5 (N.D. Cal. May 28, 2010). Plaintiff has not alleged that Defendant's involvement in her loan transaction exceeded the scope of its conventional role as a mere servicer of her mortgage, and therefore she has not pled facts sufficient to plausibly establish that Defendant owed her a duty of care. Moreover, even if Plaintiff could show that Defendant owed her a duty, she has not pled any facts suggesting that Defendant breached that duty or played any role in the disclosures, marketing, or fees that seem to form the basis for her claim. Because Plaintiff has not plausibly alleged the existence of a duty, or breach of such duty by Defendant, she has failed to state a claim for negligence. Accordingly, Plaintiff's negligence cause of action is dismissed with leave to amend.

### 3. Common Law Fraud

Plaintiff's third cause of action is labeled "Agent: Common Law Fraud." The Court agrees with Defendant that this claim must be dismissed for failure to comply with the pleading requirements of Rule 8, as well as several other deficiencies.[3] First, the claim is based entirely on

---

[3] In its motion to dismiss, Defendant does not address this cause of action separately, perhaps because the claim appears to be directed at an unidentified "Agent," or perhaps the claim is not actually labeled as a cause of action in the Complaint. However, Defendant argues that the entire

misrepresentations made by an unidentified "Agent," and the Complaint contains no allegations suggesting that Defendant Aurora Loan Services ever acted as an agent to Plaintiff.  Second, Plaintiff's allegations fall far short of the heightened pleading requirement imposed on claims for fraud.  Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  To satisfy this standard, the allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  In this case, Plaintiff does not identify the "Agent" who allegedly made the misrepresentations, describe the content of the alleged misrepresentations, or provide any information as to the time, place, or context in which the alleged misrepresentations were made.  Instead, Plaintiff merely alleges, on information and belief, that "Agent acted in concert and collusion with others named herein in promulgating false representations to cause Petitioners to enter into the LOAN without knowledge or understanding of the terms thereof."  Compl. at 29.  These conclusory allegations do not satisfy the heightened pleading standard for a fraud claim, and, in fact, fail even the liberal pleading standard of Rule 8(a), as discussed above.

Accordingly, Plaintiff's claim for common law fraud is dismissed with leave to amend.  If Plaintiff seeks to amend this claim, she must provide specific factual allegations against Defendant Aurora Loan Services to meet the heightened pleading standard for fraud claims.

### 4.       Breach of the Implied Covenant of Good Faith and Fair Dealing

In her fourth cause of action, Plaintiff claims that "Defendants" breached the implied covenant of good faith and fair dealing based on alleged failures to make certain disclosures, follow proper underwriting standards, perform valid assignments, and respond to requests for documentation of loan servicing.  Compl. at 30-31.  California law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1120, 76 Cal. Rptr. 3d 585 (Cal. Ct. App.

---

Complaint must be dismissed for failure to satisfy the notice pleading requirements of Rule 8.  *See* Mot. to Dismiss at 7-8, ECF No. 23.

7

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS

2008). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49, 275 Cal. Rptr. 17 (Cal. Ct. App. 1990). Under California law, the implied covenant is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094, 8 Cal. Rptr. 3d 233 (Cal. Ct. App. 2004) (citation omitted).

Here, Plaintiff has not alleged the existence of any contract between herself and Defendant Aurora Loan Services. Moreover, even if Plaintiff had alleged such a contractual relationship, she has not identified any conduct by Defendant that frustrated the purposes of the express terms of that contract. *See Pasadena Live*, 114 Cal. App. 4th at 1093 (noting that the implied covenant imposes a duty on the contracting party to "do everything that the contract presupposes that he will do to accomplish its purpose"). Without pointing to an express contractual provision and pleading facts plausibly showing that Defendant injured or frustrated Plaintiff's right to receive the benefits of that provision, Plaintiff cannot state a claim for breach of the implied covenant. As Plaintiff has not done this, her claim for breach of the implied covenant must be dismissed with leave to amend.

### 5. TILA Violation

Plaintiff's fifth cause of action alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* TILA requires, among other things, disclosure of finance charges and the annual percentage rate. *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. Lenders must provide borrowers with clear and accurate disclosures, including two copies of a notice of a right to rescission. 15 U.S.C. § 1635; 12 C.F.R. § 226.23(b). Generally, the disclosures and notices required by TILA must be provided *before* consummation of the loan transaction. 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b).

In this case, Plaintiff has failed to allege sufficient facts to establish a plausible TILA claim. Although Plaintiff's Complaint makes vague reference to Defendants' failure to make proper disclosures, *see* Compl. at 28, 31, Plaintiff does not identify any information that Defendant failed

1  to disclose or disclosed inaccurately. Moreover, TILA governs disclosures and notices provided at
2  the time of loan origination. *See* 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b). As Defendant
3  Aurora Loan Services was not the lender, but rather the servicer of Plaintiff's loan, it is not
4  reasonable to infer that Aurora Loan Services was involved in any alleged TILA violations that
5  occurred at origination. *See St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d
6  1049, 1055 (9th Cir. 2008) (on a motion to dismiss, a court need not accept as true "unreasonable
7  inferences"). Plaintiff has not alleged that Defendant Aurora Loan Services played any role in the
8  origination of Plaintiff's loan, nor has she identified any required disclosures that Aurora Loan
9  Services failed to provide. For these reasons, Plaintiff has not stated a plausible TILA claim.

10  Additionally, unless Plaintiff can allege facts plausibly supporting equitable tolling,
11  Plaintiff's TILA claim appears to be time-barred. In her Complaint, Plaintiff appears to seek both
12  rescission of the loan and monetary damages. TILA imposes a one-year statute of limitations for
13  damages claims. 15 U.S.C. § 1640(e). Because Plaintiff entered into the subject loan on April 5,
14  2004, the one-year statute of limitation for a damages claim expired on April 5, 2005, over five
15  years before Plaintiff initiated this action. *See King v. California*, 784 F.2d 910, 915 (9th Cir.
16  1986) (TILA's one-year statute of limitations runs from the date of the consummation of the loan
17  transaction). The Ninth Circuit has held that "the doctrine of equitable tolling may, in the
18  appropriate circumstances, suspend the limitations period [for TILA damages claims] until the
19  borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form
20  the basis of the TILA action." *Id.* In her Complaint, Plaintiff alleges that equitable tolling should
21  apply, Compl. at 20, but she offers no facts suggesting that she lacked a reasonable opportunity to
22  discover the alleged TILA violations in the more than five years between the consummation of the
23  loan and the initiation of this action. When a plaintiff fails to allege any facts "demonstrating that
24  he could not have discovered the alleged violations by exercising reasonable diligence, dismissal is
25  appropriate." *Rosenfeld v. JPMorgan Chase Bank*, N.A., 732 F. Supp. 2d 952, 964 (N.D. Cal.
26  2010). Accordingly, Plaintiff's TILA damages claim is dismissed, with leave to amend to allege

facts plausibly demonstrating both a violation of TILA by Defendant and grounds for equitable tolling.

To the extent that Plaintiff seeks rescission under TILA, however, her claim must be dismissed with prejudice. If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan. *King*, 784 F.2d at 913; 15 U.S.C. §1635. Unlike a TILA damages claim, a TILA rescission claim is not subject to equitable tolling. Rather, TILA imposes an absolute limitation on rescission actions that bars any claims filed more than three years after the consummation of the transaction. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). Section 1635(f) is considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Id.* In this case, the statute of limitations for Plaintiff's rescission claim expired on April 5, 2007, three years after she entered into the loan agreement and over three years before she filed the instant action. Because Plaintiff did not attempt to rescind within the three-year limitations period, her right to rescind expired, and this Court lacks jurisdiction over any TILA rescission claim. Accordingly, Plaintiff's claim for rescission under TILA must be dismissed with prejudice.

For the reasons identified, Defendant's motion to dismiss the TILA cause of action is granted. Plaintiff is granted leave to amend her TILA claim for damages to cure all of the deficiencies identified above. Plaintiff's TILA claim for rescission is dismissed with prejudice.

### 6. Intentional Infliction of Emotional Distress

Plaintiff's sixth cause of action alleges intentional infliction of emotional distress ("IIED"). To state an IIED claim under California law, Plaintiff must plausibly allege (1) outrageous conduct by the defendants; (2) an intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376, 117 Cal. Rptr. 3d 747 (Cal. Ct. App. 2010). A defendant's conduct is "outrageous" when it is "so extreme as to exceed all

bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51, 209 P.3d 963 (2009) (quotation marks and citation omitted).

In support of her IIED claim, Plaintiff alleges that "[t]he conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society." Compl. at 32. As with many of Plaintiff's claims, she has not identified the alleged "Defendants" or specified the particular conduct allegedly committed by the named Defendant Aurora Loan Services. Because the Complaint includes no allegations as to the conduct of Defendant Aurora Loan Services, it is not possible to draw a plausible inference that Defendant's conduct was so extreme as to exceed the bounds usually tolerated in a civilized society. Moreover, to the extent that Plaintiff's claim is based on misrepresentations or non-disclosures made in April 2004 to "fraudulently secure[]" a promissory note, Compl. at 32, Plaintiff's claim appears to be barred by the relevant two-year statute of limitations. *See* Cal. Code Civ. Proc. § 335.1; *Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450, 53 Cal. Rptr. 3d 681 (Cal. Ct. App. 2007).

For these reasons, Plaintiff's cause of action for intentional infliction of emotional distress is dismissed with leave to amend. As with the other causes of action analyzed herein, Plaintiff must, in any amended complaint, include specific factual allegations to support this claim and to explain why it is not barred by the statute of limitations.

**III. Motion for Sanctions**

In response to Defendant's motion to dismiss, Plaintiff filed both an opposition brief and a separate motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff contends that Defendant violated Rule 11(b) by filing its motion to dismiss for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2). Plaintiff also claims that Defendant did not make a reasonable inquiry into the facts or the law before signing and presenting its motion. Based on these claims, Plaintiff asks the Court to impose monetary sanctions or strike Defendant's pleadings, pursuant to Rule 11(c).

1    "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that
2    brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of*
3    *Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010). In this case, however, the Court has
4    found that Defendant's motion to dismiss had ample support in law and granted the motion in its
5    entirety. Defendant is entitled to bring a motion to dismiss an insufficient pleading, and there is no
6    indication that Defendant acted for any improper purpose in doing so. Moreover, it appears that
7    Plaintiff filed her motion for sanctions without complying with Rule 11's mandatory "safe harbor"
8    provision. Under Rule 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must
9    not be filed or be presented to the court if the challenged paper, claim, defense, contention, or
10   denial is withdrawn or appropriately corrected within 21 days after service." Defendant filed and
11   served its motion to dismiss on March 22, 2011. Plaintiff filed her motion for sanctions with the
12   Court 14 days later, on April 5, 2011. Accordingly, Plaintiff failed to provide Defendant 21 days
13   in which to withdraw or correct its motion, in violation of Rule 11(c)(2). The Ninth Circuit has
14   held that sanctions may not be imposed where the party seeking sanctions failed to comply with the
15   21-day safe harbor period. *See Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815,
16   826 (9th Cir. 2009) ("Failure to provide the required notice precludes an award of Rule 11
17   sanctions"). Accordingly, Plaintiff's motion for sanctions must be denied.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend in part, and DENIES Plaintiff's motion for sanctions. Plaintiff's claim for rescission under TILA is dismissed with prejudice. Plaintiff is granted leave to amend all of her other claims. **If Plaintiff wishes to file an amended complaint, the amended complaint must be filed and served within 21 days of this Order, no later than June 24, 2011. Failure to do so risks dismissal of this entire action with prejudice.** Plaintiff may not add new causes of action or parties without seeking leave of the Court or obtaining Defendant's permission by stipulation, pursuant to Federal Rule of Civil Procedure 15. The June 9, 2011 motion hearing is vacated.

//

1   **IT IS SO ORDERED.**

3   Dated: June 3, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-04736-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; DENYING MOTION FOR SANCTIONS